UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
(MINNEAPOLIS)

| | |
|---|---|
| ANDERS RYDHOLM,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC,<br><br>　　　　　Defendants. | Case No.: 0:20-cv-647<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FCRA, 15 USC §1681 *et seq.* |

Plaintiff Anders Rydholm ("Plaintiff"), through his attorneys, alleges the following against Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union").

## INTRODUCTION

This is a one-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b), which requires credit reporting agencies to assure maximum possible accuracy of the information they report.

## JURISDICTION AND VENUE

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial

part of the events or omissions giving rise to the claim occurred in this district

3. Defendants transact business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff Anders Rydholm is a natural person residing in the city of Saint Peter in Nicollet County, Minnesota.

5. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Equifax is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 U.S.C. § 1681a(d), to third parties. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309.

7. Defendant Trans Union is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f)). On information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Trans Union's principal place of business is located at 555 West Adams Street, Chicago, Illinois 60661.

8. Defendant Experian is a credit reporting agency, as defined in 15 U.S.C. § 1681a(f)). On information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the

purpose of furnishing consumer reports, as defined in 15 USC 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

9. On information and belief, Equifax, Trans Union, and Experian disburse *consumer reports* to third parties under contract for monetary compensation.

10. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On or about May 14, 2019, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11, the Bankruptcy Code, in the District of Minnesota (Saint Paul), case number 19-31561.

12. Plaintiff fully complied with the Bankruptcy; Plaintiff was discharged on or about August 29, 2019.

13. Plaintiff was eager to begin working on improving his credit following his bankruptcy and obtaining his "fresh start".

14. On or about November 6, 2019 Plaintiff obtained his Equifax, Experian, and Trans Union consumer credit reports to make sure the bankruptcy reporting was accurate.

15. Plaintiff discovered that Equifax was reporting his Wells Fargo Bank, N.A. account ("Account") account ending in 1765*, opened in October 2016, as reporting a balance of $7,986 in April 2019 and reporting the account with "No Data Available" from

May 2019 to October 2019.

16. Equifax should have reported the account as discharged in bankruptcy or similar language with zero balance.

17. Plaintiff discovered that Experian was reporting his Account with a balance of $7,986 as of April 2019 and reported the account as open.

18. Experian should have reported the account as discharged in bankruptcy or similar language with zero balance.

19. Plaintiff discovered that Trans Union was reporting his Account with a balance of $7,986 as of April 2019 and reported the account as "Current; Paid or Paying as Agreed".

20. Trans Union should have reported the account as discharged in bankruptcy or similar language with zero balance.

21. The Account was listed in the Schedule F of Plaintiff's bankruptcy petition as an unsecured nonpriority claim of $7,977.00.

22. Experian was also reporting on the November 6, 2019 credit report that Plaintiff's Chapter 7 bankruptcy was discharged in August 2019.

23. Equifax was also reporting on the November 6, 2019 credit report that Plaintiff's Chapter 7 bankruptcy was discharged on August 2019.

24. Trans Union was also reporting on the November 6, 2019 credit report that Plaintiff's Chapter 7 bankruptcy was discharged on August 2019.

25. All three (3) Defendants knew or had reason to know that their reporting of the accounts was inaccurate because they were all reporting Plaintiff's bankruptcy as

discharged in August 2019 and all Plaintiff's other bankruptcy debts as discharged.

26. Defendants do not maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy.

27. As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

28. Defendants' reporting is particularly aggravating of Plaintiff's damages because Plaintiff diligently followed his bankruptcy requirements, looking forward to the day when all his debts would be paid and he could have a fresh start, only to discover that Defendants failed to perform their legal obligation to report the accounts accurately.

29. This caused Plaintiff stress and anxiety about his credit reputation and a belief that he may still owe debts.

30. The inaccurate reporting by Defendants has caused Plaintiff's credit file to be severely damaged by painting Plaintiff as an irresponsible individual, when in fact Plaintiff has diligently paid all his debts.

31. Plaintiff has been denied credit several times and obtained credit at less favorable rates due to the reporting by Defendants.

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681e(b)

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. The FCRA requires that "[w]henever a consumer reporting agency prepares a

consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

34. Defendants reported the accounts, that were included in Plaintiff's bankruptcy and in fact paid off, as though Plaintiff still owed the debts after the discharge.

35. Defendants violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

36. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages including the loss of credit opportunities, denials, and favorable credit terms, emotional distress, humiliation, and mental anguish.

37. The violations by the CRAs were willful, rendering the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the CRAs were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

38. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anders Rydholm respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 3rd day of March 2020.

By: *s/Jeffrey Bursell*
Jeffrey Bursell
Bar Number: 0293362
Attorneys for Plaintiff Shanise N. Morris
**Hoglund, Chwialkowski & Mrozik, PLLC**
1781 Country Road B West
Roseville, Minnesota 55113
Telephone: (651) 628-9929
Fax: (651) 628.9377
Email: jeffb@hoglundlaw.com