UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-647(DSD/KMM)

Anders Rydholm,

        Plaintiff,

v.                                                **AMENDED ORDER**

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
And Trans Union LLC,

        Defendants.

    This matter is before the court upon defendants Experian Information Solutions, Inc. and Trans Union LLC's motion to dismiss. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

    This Fair Credit Reporting Act (FCRA) dispute arises out of allegedly inaccurate information on plaintiff Anders Rydholm's credit reports following his discharge from bankruptcy. Rydholm filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Minnesota in May 2019. Compl. ¶ 11. He obtained a discharge on August 29, 2019. Id. ¶ 12. Eager to ensure that his discharge was being accurately reported, Rydholm requested and received consumer credit reports from

Experian and Trans Union on November 6, 2019.  Id. ¶ 14.  Alleged issues with those reports form the basis of this lawsuit.

At issue here is Experian's and Trans Union's reporting of Rydholm's Wells Fargo Bank, N.A. account ending in 1765 (Account). Id. ¶¶ 15, 17–20.  Rydholm asserts that the Account was listed in the Schedule F of his bankruptcy petition as an unsecured nonpriority claim that would have been included in the August 2019 discharge.  Id. ¶ 21.  Rydholm alleges that Experian reported the Account "with a balance of $7,986 as of April 2019 and reported the account as open."  Id. ¶ 17.  Similarly, Rydholm alleges that Trans Union reported the Account "with a balance of $7,986 as of April 2019 and reported the account as 'Current; Paid or Paying as Agreed.'"  Id. ¶ 19.

Rydholm believes that these descriptions of the Account were inaccurate because they did not show the Account "as discharged in bankruptcy or similar language with zero balance."  Id. ¶¶ 18, 20. Rydholm asserts that both Experian and Trans Union reported that his "Chapter 7 bankruptcy was discharged in August 2019," and that they therefore "knew or had reason to know that their reporting of the accounts was inaccurate ...."  Id. ¶¶ 22, 24, 25.  Accordingly, Rydholm contends that neither Experian nor Trans Union "maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly

2

discharged in bankruptcy," in violation of the FCRA, 15 U.S.C. § 1681e(b). Id. ¶¶ 26, 33–35. As a result, Rydholm alleges that he has suffered damages in the form of credit denials; less favorable credit rates; and embarrassment, anguish, and emotional and mental pain. Id. ¶¶ 27–31.

Rydholm did not provide copies of the credit reports at issue, but they were submitted as exhibits to the pending motion to dismiss. The Trans Union report includes notice of Rydholm's Chapter 7 bankruptcy on the first page. See ECF No. 62, Ex. A, at 2.[1] It reports that Rydholm's bankruptcy petition was filed on May 14, 2019, and discharged on August 29, 2019. Id. Under "Type," it states "CHAPTER 7 BANKRUPTCY DISCHARGED." Id. The Account is listed later in the report under a section titled "Satisfactory Accounts." Id. at 6, 10–11. The report shows that Rydholm made regular monthly payments on the Account from May 2017 to April 2019; it does not report any account activity after April 2019. Id. at 10–11. The Account was rated as "OK," meaning payments were current, from October 2016 to April 2019.[2] Id. The report states that the balance as of April 2019 was $7,986, and

---

[1] For purposes of clarity, the court refers to the page numbers assigned by CM/ECF.

[2] The rating key is included on the first page of the Trans Union report. The ratings "describe the payments that may be reported by your creditors." Id. at 2. The rating key does not include an option for accounts discharged through bankruptcy. Id.

3

that the pay status was "Current; Paid or Paying as Agreed" as of April 2019.  Id. at 10.  The status of the Account was last updated on April 30, 2019.  Id.

The Experian report also includes notice of Rydholm's bankruptcy, although its reporting is slightly different.  See Myers Decl. Ex. A.  Contrary to Rydholm's allegations, it lists his bankruptcy as filed in May 2019, but does not report that the bankruptcy had been discharged.  Id. at 1.[3]  The report states "not reported" under the "Date resolved" section, and under "Status," it says "Chapter 7 bankruptcy petition."  Id.  The Account is listed later in the report under a section titled "Your accounts in good standing."  See id. at 4, 7.  The Experian report shows that Rydholm made regular monthly payments on the Account from November 2017 to March 2019; it does not report any account activity after March 2019.  Id. at 7.  It lists the "Recent balance" as "$7,986 as of Apr[il] 2019."  Id.  It also lists the Account as "Open/Never Late" as of April 2019.  Id.

Rydholm filed suit against Experian and Trans Union on March 3, 2020, alleging one violation of the FCRA.[4]  Experian and Trans

---

[3] This exhibit does not include page numbers assigned through CM/ECF, so the court refers to the page numbers included on the exhibit.

[4] Rydholm also sued Equifax Information Services, LLC, but they have resolved their dispute and Equifax is no longer a party to this action.  See Compl. ¶ 12; ECF Nos. 28, 73, 75.

4

Union now move to dismiss for failure to state a claim.

The court previously granted the motion to dismiss as to both Experian and Trans Union. The court was then alerted to factual errors it made with regard to its description of the Trans Union report. Trans Union filed two exhibits containing Rydholm's November 6, 2019, credit report: one exhibit that showed unredacted information pertaining to the wrong account, see ECF No. 43, and a corrected exhibit that showed unredacted information pertaining to the correct account, see ECF No. 62. The court erroneously relied on the first exhibit in analyzing Rydholm's claim against Trans Union. The court now vacates its previous order and issues this amended order.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544,

556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  When evaluating a motion to dismiss for failure to state a claim, the court must accept plausible factual allegations as true.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

Considering matters outside the pleadings typically transforms a motion to dismiss into one for summary judgment. Fed. R. Civ. P. 12(d).  The court may, however, consider documents "necessarily embraced" by the pleadings on a motion to dismiss. See Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017).  The Experian and Trans Union credit reports are two such documents.  See id. ("In general, materials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." (citation omitted)). Although the reports were provided by defendants, Rydholm has not contested their accuracy and the court therefore properly considers them at this stage.

**II. Section 1681e(b) of the FCRA**

The FCRA outlines a number of procedural and substantive requirements meant to "ensure fair and accurate credit reporting,

6

promote efficiency in the banking system, and protect consumer privacy." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting Safeco Ins. Co. of Am. V. Burr, 551 U.S. 47, 52 (2007)). Section 1681e(b) requires consumer reporting agencies like Trans Union and Experian to "follow reasonable procedures to assure maximum possible accuracy of the information" contained in a consumer's credit report. 15 U.S.C. § 1681e(b).

To state a claim under § 1681e(b), Rydholm must plausibly allege that defendants "failed to follow reasonable procedures to assure maximum possible accuracy and that this failure caused inaccurate information to appear on [his] credit report." Morris v. Experian Info. Sols., Inc., _ F. Supp. 3d _, No. 20-cv-0604, 2020 WL 4703900, at *2 (D. Minn. Aug. 13, 2020) (quotation omitted) (citing Hauser v. Equifax, Inc., 602 F.2d 811, 814–15 (8th Cir. 1979)).

### III. Experian's Alleged Violation of the FCRA[5]

Rydholm's allegations pertaining to how Experian reported the status of the Account do not exactly line up with the report itself. Rydholm insinuates that Experian reported the Account as open as of the November 2019 reporting date. See Compl. ¶ 17. The status date clearly shows, however, that the Account was open

---

[5] This amended order corrects factual errors made by the court in its previous order on this matter. Those errors did not affect the court's analysis as to Rydholm's claim against Experian, however, so this analysis remains unchanged.

7

as of April 2019. Id. Given that Rydholm did not file for bankruptcy until May 2019, and his bankruptcy was not discharged until August 2019, Experian's reporting of the Account as open as of April 2019 is not inaccurate. Although technically accurate, as discussed above, this reporting of the account may be deemed inaccurate for purposes of § 1681e(b) if it is misleading. The court need not determine whether Experian's reporting may be misleading, however, because the Experian report contained another inaccuracy: it reported Rydholm's bankruptcy as ongoing in November 2019 and failed to report that his debts had been discharged in August 2019. Myers Decl. Ex. A, at 1.

Although it was inaccurate to report Rydholm's bankruptcy as still in the petition phase, Rydholm has not plausibly alleged that Experian's failure to follow reasonable procedures caused that inaccuracy to appear on his report. Rydholm alleges that Experian "do[es] not maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy." Compl. ¶ 26. In order to allege that Experian failed to follow procedures regarding its reporting of debts after a bankruptcy discharge, however, Experian must have had notice of the bankruptcy discharge.

Rydholm alleges that "Experian was also reporting on the November 6, 2019 credit report that Plaintiff's Chapter 7

8

bankruptcy was discharged in August 2019," and therefore Experian "knew or had reason to know that [its] reporting of the accounts was inaccurate because [it was] reporting Plaintiff's bankruptcy as discharged in August 2019...." Id. ¶¶ 22, 25.  A review of the report, however, shows that these allegations are contradicted by the report itself.  The report shows that, although Experian had notice that Rydholm had filed his Chapter 7 bankruptcy petition, it did not appear to have had notice that the bankruptcy had been discharged.  The FCRA does not require Experian to scour bankruptcy dockets to establish the status of an individual consumer's petition.  Cf. Childress v. Experian Info. Sols., Inc., 790 F.3d 745, 747–48 (7th Cir. 2015) (holding that Experian was not required to review individual bankruptcies to determine a bankruptcy's exact status); Sarver v. Experian Info. Sols., 390 F.3d 969, 972 (7th Cir. 2004) (holding that Experian need not examine individual entries within a bankruptcy discharge).  Because Experian is not required to comb through individual bankruptcy dockets to determine the status of a bankruptcy, to plausibly allege that Experian failed to maintain reasonable procedures to ensure proper reporting after a bankruptcy discharge, Experian must first be aware that the bankruptcy was discharged.  Rydholm has failed to plausibly allege that Experian had that knowledge. He therefore has failed to state a claim under § 1681e(b), and his claim against Experian must be dismissed.

**IV.   Trans Union's Alleged Violation of the FCRA[6]**

As with the Experian report, the court is not convinced that Trans Union's reporting of the Account was inaccurate.  The information provided was accurate as of the last day the information was updated, April 30, 2019.  On April 30, 2019, Rydholm had not yet filed for bankruptcy, so the Account was accurately listed as a "Satisfactory Account" that was "Current; Paid or Paying as Agreed."  ECF No. 62 Ex. A, at 6, 10.  Nevertheless, the court will concede for purposes of the instant motion that the information listed may be misleading due to the fact that, as of the November 6, 2019, reporting date, the account had been discharged in Rydholm's Chapter 7 bankruptcy.

That does not resolve the issue of whether Rydholm plausibly alleged that Trans Union failed to maintain and follow reasonable procedures with regard to its reporting.  With regard to this claim, Rydholm alleged that Trans Union "do[es] not maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy."  Compl. ¶ 26.  The Account was not, however, derogatory in status prior to Rydholm's bankruptcy.  For

---

[6]   The court has now taken into consideration the correct facts with regard to Rydholm's claim against Trans Union, and analyzes that claim as follows.

10

purposes of credit reports, the term derogatory relates to accounts with a negative status, such as those for which payments are late, or that are in foreclosure or bankruptcy. See Derogatory, Merriam-Webster, https://www.merriam-webster.com/dictionary/derogatory (last visited Oct. 23, 2020). The report clearly shows that it was a "Satisfactory Account[]," that it was "Current; Paid or Paying as Agreed," and that Rydholm had been current on his payments from October 2016 to April 2019. As such, the account was not derogatory before Rydholm filed for bankruptcy. Similar to the analysis above with regard to Experian, in order for Trans Union to have failed to follow "reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing" are properly reported after the consumer's bankruptcy, those accounts must first have been derogatory prior to the bankruptcy filing. Because Rydholm has not plausibly alleged that the Account was derogatory before his bankruptcy filing, he cannot plausibly allege that Trans Union failed to maintain reasonable procedures with regard to its reporting on derogatory accounts post-bankruptcy and his FCRA claim fails.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERERD** that:

1.  The court's previous order granting defendants' motion to dismiss [ECF No. 83] is vacated;

11

2.   The motion to dismiss [ECF No. 23] is granted based on the information and analysis above; and

3.   Rydholm's claims against Experian Information Solutions, Inc. and Trans Union LLC are dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 23, 2020

s/David S. Doty
David S. Doty, Judge
United States District Court
