# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### (MINNEAPOLIS)

| | |
|---|---|
| ANDERS RYDHOLM,<br><br>                    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC,<br><br>                    Defendants. | **Case No.:** 0:20-cv-00647-DSD-KMM<br><br><br>**PLAINTIFF'S REQUEST FOR INDICATIVE RULING** |

Plaintiff Anders Rydholm, by counsel, and pursuant to Fed. R. Civ. P. 62.1, respectfully submits this request for an indicative ruling regarding whether the Court would grant Plaintiff leave to amend the Complaint following the October 23, 2020 dismissal of Plaintiff's claims alleging violations of the Fair Credit Reporting Act.

Because this case is currently on appeal to the United States Court of Appeals for the Eighth Circuit, Plaintiff seeks an indicative ruling pursuant to Fed. R. Civ. P. 62.1(a), regarding whether this Court would grant a motion to amend brought pursuant to Fed. R. Civ. P. 60(b)(6). In the event leave to amend would be permitted, Plaintiff could then seek remand from the Eighth Circuit to file a formal motion to amend here.

As set forth below, Plaintiff's request for an indicative ruling is based on subsequent decisions by this Court permitting leave to amend in similar cases, where such leave to amend was sought following Plaintiff's appeal of this matter.

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ..................................................................................................... 1

II.  BACKGROUND ..................................................................................................... 1

    A.  Plaintiff's Complaint .......................................................................................... 1

    B.  The Court's Order Dismissing Plaintiff's Complaint ............................................ 3

    C.  Post-Appeal/Dismissal Events In Similar Cases .................................................. 4

III. LEGAL STANDARD ............................................................................................... 5

IV. ARGUMENT ........................................................................................................... 6

    A.  Plaintiff's Motion Would Be Timely .................................................................. 6

    B.  Controversies Should Be Adjudicated On The Merits. ......................................... 7

V.  CONCLUSION ......................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Buck v. Davis*,

    137 S. Ct. 759 (2017)...................................................................................... 6

*Davis v. Kelley*,

    855 F.3d 833 (8th Cir. 2017) ......................................................................... 6

*Gonzalez v. Crosby*,

    545 U.S. 524 (2005) ....................................................................................... 7

*Murray v. Solidarity of Labor Org. Int'l Union Benefit Fund*,

    172 F. Supp. 2d 1134 (N.D. Iowa 2001) ...................................................... 7

*Raymond v. United States*,

    933 F.3d 988 (8th Cir. 2019) ......................................................................... 6

*Rosebud Sioux Tribe v. A & P Steel, Inc.*,

    733 F.2d 509 (8th Cir. 1984) ......................................................................... 7

*State of Missouri v. Coeur D'Alene Tribe*,

    164 F.3d 1102 (8th Cir. 1999) ....................................................................... 5

*Watkins v. Lundell*,

    169 F.3d 540 (8th Cir. 1999) ......................................................................... 6

## I.      <u>INTRODUCTION</u>

Plaintiff seeks an indicative ruling regarding a prospective motion for leave to amend brought pursuant to Fed. R. Civ. P. 60(b), since the request for leave to amend postdates the Court's Order of dismissal of this action.

On October 23, 2020, the Court entered an Order dismissing Plaintiff's pre-answer/pre-discovery Complaint with prejudice. Doc. 87 ("Order"). The Order did not consider whether an amendment would be futile, or whether Plaintiff acted with undue delay, dilatory motive, or any other grounds that would warrant the prohibition of an amendment.   Should the Court issue an indicative ruling stating it would permit amendment of the Complaint, Plaintiff will notify the Court of Appeals of the indicative ruling, and request a limited remand to seek relief pursuant to Fed. R. Civ. P. 60(b) (amendment). Plaintiff's understanding is that if leave to amend is ultimately granted, this would render the appeal moot, and this Court would be vested with jurisdiction once more.

## II.      <u>BACKGROUND</u>

### A.      **Plaintiff's Complaint**

Plaintiff filed for Chapter 7 Bankruptcy on May 14, 2019 in the District of Minnesota (Saint Paul), case number 19-31561. Doc. 1 (Compl. ¶ 11).

Plaintiff listed a debt to Wells Fargo in Schedule F of his bankruptcy petition as an unsecured nonpriority claim of $7,977.00. Doc. 1 (Compl. ¶ 21).

Plaintiff satisfied his obligations during the bankruptcy, and Plaintiff obtained a bankruptcy discharge of the Wells Fargo and other debts on August 29, 2019. Doc. 1

(Compl. ¶ 12). Plaintiff was eager to begin working to improve his credit to obtain a "fresh start." Doc. 1 (Compl. ¶ 13).

Following Plaintiff's Chapter 7 bankruptcy discharge, Plaintiff obtained his consumer credit reports from the three national consumer reporting agencies (each a "CRA") Equifax Information Services, LLC, Experian Information Solutions, Inc., and TransUnion LLC to ensure that his credit reports were accurately reporting his consumer information. Doc. 1 (Compl. ¶ 14).

Plaintiff discovered that Experian was reporting the discharged Wells Fargo Bank debt as open and with an outstanding balance of $7,986, instead of the account's actual balance of zero ($0.00) following Plaintiff's bankruptcy discharge. Doc. 1 (Compl. ¶¶ 17-18). At the time, Experian knew and reported that Plaintiff filed for Chapter 7 bankruptcy and was discharged in August 2019. Doc. 1 (Compl. ¶ 25). Experian reported Plaintiff's bankruptcy filing in the public record section of Plaintiff's credit report, but did not report Plaintiff's bankruptcy discharge information in this section. However, Experian reported Plaintiff's bankruptcy discharge in 8 separate account tradelines contained in Plaintiff's credit report, signifying Defendant Experian's knowledge of Plaintiff's Chapter 7 bankruptcy discharge. Doc. 1 (Compl. ¶¶ 25)

Plaintiff also discovered that Defendant TransUnion was reporting the same discharged Wells Fargo Bank debt as open and with an outstanding balance of $7,986, instead of the account's actual balance of zero ($0.00) following Plaintiff's bankruptcy discharge. Doc. 1 (Compl. ¶¶ 19-20). At the time, Defendant TransUnion also knew and reported that Plaintiff filed for Chapter 7 bankruptcy and obtained a Chapter 7

-2-

bankruptcy discharge in August 2019.  Doc. 1 (Compl. ¶¶ 24-25). Defendant TransUnion reported the discharge in both the public record section of Plaintiff's credit report as well as in the individual account tradelines contained in Plaintiff's credit report. Doc. 1 (Compl. ¶¶ 24-25).

### B.    The Court's Order Dismissing Plaintiff's Complaint

Experian filed a Motion to Dismiss Plaintiff's Complaint, contending Plaintiff failed to plausibly allege that Experian failed to follow reasonable procedures.  Doc. 23, Doc. 25. TransUnion joined Experian's Motion.  Doc. 32.

The Court granted Defendants' Motion to Dismiss and entered Judgment for both Defendants, based on separate findings (though the basis for dismissing TransUnion presumably also applies to Experian since the Complaint contains the same allegations against Experian). Doc. 83 (Order), Doc. 84 (Judgment), *as amended* by Doc. 87 (Amended Order), Doc. 88 (Judgment).

The Court held that Plaintiff failed to plausibly allege Defendants failed to follow reasonable procedures.  Doc. 83 (Order), Doc. 87 (Amended Order).

As to Experian, the Court found that Plaintiff failed to plausibly allege that Defendant Experian had notice of Plaintiff's Chapter 7 bankruptcy discharge, and therefore Plaintiff failed to plausibly allege that Experian did not follow reasonable procedures.  Doc. 83 (Order), Doc.87 (Amended Order).

As to TransUnion, the Court construed the allegations in Plaintiff's Complaint as pertaining to only accounts that were "derogatory" at the time Plaintiff filed for Chapter 7

bankruptcy, and likewise found that Plaintiff failed to plausibly allege that TransUnion did not follow reasonable procedures. Doc. 83 (Order), Doc. 87 (Amended Order).

Plaintiff's appeal followed. Doc. 89 (Notice of Appeal).

### C.    Post-Appeal/Dismissal Events In Similar Cases

Since the Orders dismissing Plaintiff's Complaint, the Court has allowed additional briefing on the issues raised by the prior Orders in a separate case against Experian asserting similar allegations.  *See Ratzlaff et al v. Experian Information Solutions, Inc. et al.,* No. 0:20-cv-00773-DSD-KMM (Text-Only Order/Notice) (D. Minn. November 24, 2020) (allowing additional briefing); *id.*  (Order Granting Leave to Amend) (D. Minn. December 5, 2020).

In *Ratzlaff*, a case with a similar factual background, issues, and claims (i.e. a claim by a consumer that Experian inaccurately reported the existence of an outstanding balance for a discharged debt), the Court granted Plaintiff leave to amend the Complaint to cure any issues pertaining to use of the term "derogatory."

Thereafter, in *Peterson*, another case by a consumer alleging that Experian inaccurately reported the existence of an outstanding balance for a discharged debt, the Court denied Experian's motion for judgment on the pleadings, and letter request for reconsideration. Christina L. Peterson v. Experian Information Solutions, Inc., No. 0:20-cv-00606-DSD-KMM (D. Minn. January 25, 2021) (Order denying motion for judgment on pleadings) (Doc. 79); id. (D. Minn February 2, 2021) (Order denying defendant's request for leave to file motion to reconsider) (Doc. 83).

Because of the decisions in *Ratzlaff* and *Peterson*, which postdate the dismissal

of this action, and which followed additional briefing on legal issues related to this case, Plaintiff respectfully requests an indicative ruling from this Honorable Court  regarding whether the Court would allow Plaintiff leave to amend the Complaint pursuant to Fed. R. Civ. P. 60 should this matter be remanded by the Eight Circuit to consider such a Motion.

Plaintiff believes that leave to amend would dispel the need for an appeal, and would be more economic to all involved parties, especially since the Court has allowed and considered additional briefing on the legal issues raised by the appeal in separate, but factually similar cases.

## III.   <u>LEGAL STANDARD</u>

"Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal." *State of Missouri v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). However, Fed. R. Civ. P. 62.1 allows a district court to issue an indicative ruling on a motion when ruling on such motion is barred by a pending appeal. Fed. R. Civ. P. 62.1. Advisory Committee notes on Rule 62.1 suggest that "[o]ften it will be wise for the district court to determine whether it in fact would grant the motion if the court of appeals remands for that purpose." Advisory Committee's Notes (2009).

A district court can dispose of a motion pursuant to Rule 62.1 in one of four ways: (i) it may defer considering the motion; (ii) it may deny the motion; (iii) it may state that it would grant the motion if the court of appeals remands for that purpose; or (iv) it may state that the motion raises a substantial issue. *Id.* When the district court indicates that it would grant the motion for relief, the court of appeals may remand at its

-5-

discretion. Fed R. App. P. 12.1(b). If the court of appeals remands to the district court, the court of appeals retains jurisdiction "unless it expressly dismisses the appeal." *Id.*

## IV.  ARGUMENT

It is well settled that Rule 60(b)(6) provides a court discretion to lift a judgment for any reason that justifies relief, where the movant can demonstrate extraordinary circumstances. *Davis v. Kelley*, 855 F.3d 833, 835 (8th Cir. 2017)  (citing *Buck v. Davis*, 137 S. Ct. 759, 771 (2017)). The Eighth Circuit has provided that Rule 60(b)(6) . . . "should be liberally construed when substantial justice will thus be served." *Cornell v. Nix*, 119 F.3d 1329 (8th Cir. 1997). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) (quoting *Buck*, 137 S. Ct. at 778) (further citation omitted).

### A.    Plaintiff's Motion Would Be Timely

To consider the merits of a motion under Rule 60(b), the motion must be timely. "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir. 1999).

The Court's Order dismissing Plaintiff's claims was entered on October 23, 2020.  Less than five months have passed between the Order and the filing of the instant

Motion. Courts in this Circuit have concluded that Rule 60(b)(6) motions were filed within a reasonable time even where the basis of the motion was known for several months. *See Murray v. Solidarity of Labor Org. Int'l Union Benefit Fund,* 172 F. Supp. 2d 1134, 1152 (N.D. Iowa 2001) (finding a Rule 60(b)(6) motion timely "because the five-month delay before the motion was filed is not plainly 'unreasonable' in comparison to the one-year time limit specifically imposed upon motions under other provisions of Rule 60(b)".).[1]

### B.   Controversies Should Be Adjudicated On The Merits.

Under Rule 60(b)(6), this Court may grant Plaintiff relief from its Order dismissing Plaintiff's claims with prejudice for "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005). Though the rule is used sparingly, its purpose is "to prevent the judgment from becoming a vehicle of injustice[,]" and it "is to be given a liberal construction" and "construed liberally to do substantial justice." *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984) (further citation omitted); *see Watkins*, 169 F.3d at 544 (quoting *Klapprott v. United States*, 335 U.S. 601 (1949)). ("Rule 60(b)(6) enables a court to 'accomplish justice'").

In this case, the Court dismissed Plaintiff's claims, but has since allowed

---

[1] The *Murray* court found it "reasonable to assume that imposition of a specific time limit on some, but not all, provisions of Rule 60(b) suggests that those provisions for which no specific time limit is set are not subject to as stringent time constraints." *Murray,* 172 F. Supp. 2d at 1152.

additional briefing in related cases regarding Plaintiff's use of the term "derogatory" in the Complaint. *See* Order at 10-11. As noted during the additional briefing in *Ratzlaff*, Plaintiff respectfully contends that leave to amend would resolve any issue with Plaintiff's use of the term "derogatory," which was not intended to limit Plaintiff's claim to a subset of accounts, but which instead pertains to inaccurately reporting a balance for discharged debt. *See* Compl. ¶ 26.

The Court also found that Plaintiff failed to establish that Experian had knowledge of Plaintiff's bankruptcy discharge. *See* Order at 8-9. Plaintiff was admittedly mistaken in his allegation that Experian reported both the bankruptcy filing and discharge in the public record section. Plaintiff apologizes for this oversight, which certainly appear to have confounded the issues. Although Plaintiff was clearly mistaken about this allegation, Plaintiff respectfully contends that Experian still had the requisite knowledge of Plaintiff's bankruptcy discharge since Experian also reported the discharge in at least 8 separate tradelines in the same credit report.

Although not a model of clarity, and recognizing Plaintiff was mistaken in the portion of the allegation pertaining to the reported public record section information, Plaintiff's Complaint does in fact make the allegation that Experian knew and reported these other tradelines (debts) as discharged.

> All three (3) Defendants knew or had reason to know that their reporting of the accounts was inaccurate because they were all reporting Plaintiff's discharged in August 2019 **and all Plaintiff's other bankruptcy debts as discharged**.

Doc. 1 (Compl. ¶ 25).

-8-

Plaintiff respectfully contends that Rule 60 relief permitting amendment is warranted here, particularly in light of the additional briefing that has been done on these issues and the Court's recent Orders in *Ratzlaff* and *Peterson*, which occurred after Plaintiff filed the Notice of Appeal and was bound by the briefing schedule. Plaintiff has not unduly delayed in seeking an indicative ruling, and does not make this request for any dilatory purpose. Plaintiff respectfully contends that in light of the additional briefing provided to the Court, and the Court's post-appeal rulings, an indicative ruling regarding whether the Court would allow leave to amend promotes judicial economy, and the just, speedy, and inexpensive determination of this action, *see* Fed. R. Civ. P. 1, should the Court's indicative ruling (indicating leave to amend would be granted) dispel the need for the appeal.

### V.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1(a) regarding whether the Court would grant a motion to amend by Plaintiff pursuant to Fed. R. Civ. P. 60(b).

RESPECTFULLY SUBMITTED this 4th day of March 2021,

**PRICE LAW GROUP, APC**

By: <u>*s/ Syed H. Hussain*</u>
Syed H. Hussain, Esq. (IL #6331378)
Admitted Pro Hac Vice
PRICE LAW GROUP, APC
420 E Waterside Drive #3004
Chicago, Illinois 60601
T: (818) 600-5535
E: syed@pricelawgroup.com

Robert Hoglund
Bar Number: 0210997
Hoglund, Chwialkowski &Mrozik,PLLC
1781 Country Road B West
Roseville, Minnesota 55113
Telephone:(651) 628-9929
Email: robhoglund@hoglundlaw.com

*Attorneys for Plaintiff*
*Anders Rydholm*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/* Roxanne Harris

-10-